UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CRYSTAL THAYER, | Case No. 22-11021 |
| Plaintiff, | George Caram Steeh |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 15, 18)**

Plaintiff Crystal Thayer brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 15), the Commissioner's cross-motion for summary judgment (ECF No. 18), Plaintiff's reply (ECF No. 19) and the administrative record (ECF No. 13).

For the reasons below, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 15), **GRANT** Defendant's

motion for summary judgment (ECF No. 18) and **AFFIRM** the Commissioner's decision.

I.     **DISCUSSION**

    A.     **Background and Administrative History**

Plaintiff alleges her disability began on January 15, 2019, at the age of 50. On May 14, 2019, she applied for disability insurance benefits and supplemental security income. (ECF No. 13, PageID.69). This is her second application for benefits. Her alleged disability onset date is the day after the Administrative Law Judge denied her prior applications. In her disability report, she listed ailments which diminished her ability to work. The ailments included: ulcerative colitis, generalized anxiety disorder, hypertension, arthritis in her back, hips, neck, shoulders, and hands, and major depressive disorder. (*Id.* at PageID.392). Her application was denied on February 27, 2020. (*Id.* at PageID.69).

Following the denial, Plaintiff requested a hearing by an Administrative Law Judge ("ALJ"). On October 22, 2020, ALJ Manh Nguyen held a hearing, at which Plaintiff and a vocational expert testified. (*Id.* at PageID.90-119). On March 5, 2021, the ALJ issued an opinion which determined that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff later submitted a request for review of the hearing decision. On March 15, 2022, the Appeals Council

denied Plaintiff's request for review. (*Id.* at PageID.55-58). Thus, the ALJ's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on May 12, 2022.

### B.     Plaintiff's Medical History

This appeal is about Plaintiff's mental health conditions and the ALJ's treatment of her mental health provider's opinion. The undersigned will discuss relevant medical evidence as necessary below.

### C.     The Administrative Decision

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 15, 2019, the alleged onset date. (ECF No. 13, PageID.72). At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: lumbago with sciatica; degenerative disc disease of the cervical spine; tachycardia; migraine headaches; colitis; bipolar II disorder; anxiety disorder; and major depressive disorder. (*Id.* at PageID.72-73). At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.* at PageID.73-74). **Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[1] and

---

[1] The claimant's "residual functional capacity" is an assessment of the most the claimant

3

determined that Plaintiff had the RFC to perform light work with the limitations below:

> • No climbing ladders, ropes, or scaffolds;
> • Occasional crouching, stooping, kneeling, crawling, and climbing stairs or ramps;
> • Frequent balancing;
> • Frequent reaching, handling, and fingering;
> • No commercial driving or operation of moving machinery;
> • Cannot work around hazards, such as unprotected heights or uncovered/unguarded moving machinery;
> • Able to understand, remember, and carry out simple instructions;
> • Cannot perform work at a production rate pace, such as assembly line work;
> • Can tolerate occasional changes in a routine work setting;
> • Frequent interactions with supervisors and co-workers;
> • Occasional interactions with the general public;
> • 5% off task throughout the workday; and
> • Thirty-minute restroom breaks throughout the workday.

(*Id.* at PageID.74-81). At **Step 4**, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at PageID.81). At **Step 5**, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were existing jobs in significant numbers within the national economy that Plaintiff could perform, such as cleaner, sorter, and packer. (*Id.* at PageID.81-82). The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in

---

can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

the Social Security Act, from May 20, 2016, through the date of the decision.

### D.     Framework for Disability Determinations

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether he or she can perform other work in the national economy.  20 C.F.R. §§ 404.1520, 416.920.[2]  The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that there is work available in the national economy the claimant can perform.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.") (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 148 (6th Cir. 1990)).

---

[2] Citations to the regulations or Social Security Rulings are to those effective on the date of the application for disability benefits or the ALJ's decision, where appropriate, unless otherwise indicated.

### E. Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from

[the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even so, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### F. Analysis

Plaintiff argues that the ALJ did not properly evaluate and address her treating psychiatric nurse practitioner's opinion. She contends that the ALJ did not address the consistency of Nurse Practitioner Clark's opinion with other evidence in the record and that the ALJ cherry-picked evidence to support finding Clark's opinion minimally persuasive. (ECF No. 15).

The ALJ is directed to assess the persuasiveness of both treating and non-treating medical evaluations based on how well they are supported by the rest of the record. 20 C.F.R. §§ 404.1520c(a), 416.920c(a) ("We will not defer or give

any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"). The factors an ALJ must consider in evaluating medical opinions include supportability and consistency with the record as a whole; relationship with the claimant; length of the treatment relationship; frequency of examinations; purpose and extent of the treating relationship; whether the source has examined the claimant; specialization; and any other factors that support or undermine the medical opinion. §§ 404.1520c(c), 416.920c(c).

ALJs must articulate the "most important factors of supportability and consistency" of the medical opinions but "are not required to . . . explain" the consideration given to the remaining factors. §§ 404.1520c(a-b); 416.920c(a-b). "Supportability" refers to the explanations given by the medical source to support their opinion. "Consistency" refers to the consistency of the medical opinion with the evidence from other medical and nonmedical sources. §§ 404.1520c(c)(1-2), 416. 920c(c)(1-2).

Some of Clark's pertinent opinions are these: Plaintiff is moderately to markedly limited in the ability to understand, remember, or apply information, to adapt or manage herself, to understand and carryout short and simple instructions, and to understand and carry out detailed but uninvolved written or oral instructions. (ECF No. 13, PageID.1155-56). She opined Plaintiff had marked to

8

extreme limitation in the ability to interact with others. Clark found Plaintiff to be moderately limited in the ability to concentrate, persist, or maintain pace. (*Id.*).

The ALJ determined that this opinion was minimally persuasive because it is "wholly inconsistent with the clinical findings contained throughout all treatment records from AuSable Valley Community Mental Health" (where Clark worked). (*Id.* at PageID.79). The ALJ pointed to his discussion of the mental status examinations from AuSable Valley Community Mental Health from the relevant period that were normal except Plaintiff presented with a blunted affect. The ALJ also noted Plaintiff's statements that, for example, her mental health symptoms were stable and in March 2020, she had a few bad days but was able to work through them. (*Id.* at PageID.78-79).

According to Plaintiff, the ALJ only addressed the supportability of the opinion, comparing the opinion to Clark's treatment notes but not to any other medical evidence. (ECF No. 15, PageID.1222-24). Plaintiff contends that the ALJ's statement related to supportability is boilerplate, that the ALJ did not explain how the opinion is unsupported by the treatment records, and the ALJ's citation to normal mental status examinations ignores multiple records where she reported depressed mood and other mental health issues. (*Id.* at PageID.1224-27).

In the view of the undersigned, the ALJ's treatment of Nurse Clark's opinion does not warrant remand. Though the ALJ did not use the term "supportability,"

the discussion of the consistency of treatment records written by Clark and Clark's opinion is the ALJ's supportability analysis. The ALJ adequately supported the conclusion with substantial evidence. During February 2019, Clark recorded that Plaintiff's mood was "okay" and her affected was blunted, but otherwise there were no positive mental status findings. (ECF No. 13, PageID.663). The next month, Plaintiff reported that she was doing better and felt less depressed. (*Id.* at PageID.667). Plaintiff's mental status was recorded as the same March 2019 and in other records until July 2020, the last treatment note in the record. (*Id.* at PageID.671, 807, 811, 1038, 1042, 1046, 1050). The ALJ properly noted that Clark's restrictive opinion is inconsistent with, or in other words not supported by, the largely normal mental status examinations. Contrary to Plaintiff's assertion, the ALJ did not base the conclusion on fragments of the record or fail to explain how the opinion is unsupported by the records. Rather, the conclusion is based on the records from the relevant period that reflect largely normal mental status examinations and conflicts with the restrictive opinion.

Of the records Plaintiff cites to demonstrate that the ALJ cherry-picked the evidence to leave out positive mental status examinations, only one is from the relevant period, dated during December 2019. Records before the relevant period are not helpful in adjudicating whether Plaintiff was disabled during the relevant period. At the December 2019 visit, Plaintiff had normal memory, fund of

knowledge, insight, and judgment.  Further, her mood was recorded as "within normal limits," she had appropriate affect, and she had intact thought content.  (*Id.* at PageID.888).  At the same time, she reported decreased appetite and energy, impaired ability to socially engage, and difficulty falling asleep and staying asleep. (*Id.* at PageID.888-91).  The ALJ expressly addressed the December 2019 treatment record and Plaintiff's statements about increased depression and anxiety, but he also noted that a few months later Plaintiff reported doing well and denied depression and anxiety.  (*See id.* at PageID.78).  As a result, the undersigned rejects Plaintiff's assertion that the ALJ mischaracterized or cherry-picked the evidence ignoring positive findings to bolster his decision.

      The ALJ also compared Clark's opinion to Plaintiff's statements to mental health providers at AuSable Community mental health, touching on the consistency of the opinion with other eivdence.  The ALJ noted that by May 2019, Plaintiff reported feeling better and denied depression and anxiety.  (*See id.* at PageID.78, 807).  While on two occasions Plaintiff reported feeling sad or experiencing a high degree of depression and anxiety in September and December 2019, the ALJ pointed out that in early March 2020, Plaintiff reported feeling better and stable with less depression and anxiety.  Plaintiff stated she had a few bad days but was able to work through them.  (*Id.* at PageID.78).  By addressing

Plaintiff's reported symptoms, the ALJ was considering the consistency of Clark's opinion to other evidence in the record, as he is required by the regulations to do.

The commissioner points out that one of the treatment records from AuSable Community Mental Health was recorded by a nurse other than Clark, and thus the ALJ addressed the consistency of Clark's opinion with medical evidence from another provider. Plaintiff contends that this treatment record is essentially one of Clark's records because Clark likely discussed Plaintiff's mental health with the other nurse. It is not unreasonable to infer Clark was not involved in the visit or treatment record written by another nurse, and thus is other medical evidence considered by the ALJ.[3] Notably, aside from this one record from someone other than Clark, Clark's records are the only medical evidence relating to Plaintiff's mental impairments. The ALJ did not have a large swathe of evidence to compare Clark's opinion to. Furthermore, even without this one record, the ALJ's discussion of the mental health evidence and Clark's opinion, as discussed above, comports with the regulations and should not be remanded for further consideration because it is supported by substantial evidence.

### G. Conclusion

---

[3] The ALJ need not cite every piece of evidence before the Court can conclude he or she considered all the evidence. "An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. A'ppx 496, 508 (6th Cir. 2006).

Plaintiff has the burden of proof on her statements of error. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Plaintiff has not shown legal error that would upend the ALJ's decision. For all these reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 15), **GRANT** Defendant's motion for summary judgment (ECF No. 18) and **AFFIRM** the Commissioner of Social Security's decision.

## II.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 24, 2023

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge