UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL T.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 22-11021

Hon. George Caram Steeh
Hon. Curtis Ivy Jr.

ORDER ADOPTING REPORT AND RECOMMENDATION
(ECF NO. 20), GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 18), AND DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 15)

In this action, Plaintiff Crystal T. seeks to recover social security disability benefits.[1] On February 24, 2023, Magistrate Judge Curtis Ivy, Jr., issued a report and recommendation proposing that the court deny Plaintiff's motion for summary judgment, grant Defendant's motion for summary judgment, and affirm the decision of the Commissioner. Plaintiff submitted timely objections, to which Defendant has responded.

---

[1] On April 3, 2023, the Eastern District of Michigan adopted the recommendation of the Judicial Conference Committee on Court Administration and Case Management to use only the first name and last initial of any non-government parties in the opinions in social security cases.

-1-

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("[T]he threshold for such evidentiary sufficiency is not high."). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or

decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Further, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

Plaintiff sought social security benefits based upon several physical and mental impairments, including anxiety and major depressive disorder. The Administrative Law Judge determined that she had the residual functional capacity to perform light work, with certain limitations. ECF No. 13 at PageID 74. At issue on appeal is the ALJ's assessment of Plaintiff's mental health conditions.

Specifically, the ALJ found the opinion of Plaintiff's treating nurse practitioner, Lyndsey Clark, to be "minimally persuasive." *Id.* at PageID 79. Clark provided a treating source statement on September 14, 2020, opining that Plaintiff has moderate to marked limitations in her ability to understand, remember, or apply information and to adapt/manage herself, marked to extreme limitations in her ability to interact with others, and moderate limitations with concentrating, persisting, and maintaining pace. The ALJ found Clark's opinion to be minimally persuasive because it is "wholly inconsistent with the clinical findings contained throughout all treatment

records from AuSable Valley Community Mental Health." *Id.* The ALJ went on to explain that "the claimant has consistently presented with completely normal mental status examinations, including appropriate/cooperative interaction was well as intact memory, cognition, attention, and concentration. It is clear from the above discussion that claimant's mental health symptoms have been stable and relatively asymptomatic thanks to her medication regimen." ECF No. 13 at PageID 79.

The ALJ further discussed each alleged mental limitation and why the evidence did not support Clark's opinion. *Id.* at PageID 79-80. For example, the ALJ stated that there is "no clinical evidence that [Plaintiff] has exhibited deficits in memory or cognition" and "the record fails to show any mention of distractibility or inability to complete testing that assesses concentration and attention." *Id.* The ALJ noted that Plaintiff "has repeatedly admitted improvement or complete absence of depression and anxiety thanks to her medications." *Id.*

The records from AuSable Valley Community Mental Health, where Clark works, support the ALJ's analysis. For example, in March 2020, Plaintiff reported that she "has been doing better. She feels her mental health symptoms are stable. She reports less depression and anxiety, stating that she has a few bad days here and there, but she is able to work

through those. . . . She feels her moods are stable and would like to continue her medications the same with no changes." ECF No. 13 at PageID 1038. In May 2020, Plaintiff "denies depression and anxiety. She states that she has been doing well overall and states she has had a stable mood." *Id.* at PageID 1042. In June 2020, Plaintiff "states that she remains healthy with no new needs/issues. . . . [she] recently started on a new medication and 'so far so good.' She denies any side effects and feels that her medication is helping with her depression." *Id.* at PageID 1033.

The ALJ discussed Plaintiff's treatment records and noted Plaintiff's reports of depression and anxiety in 2019, but stated that "[s]ince March 2020, the claimant has benefitted from progressive improvement and stability in her mental health." *Id.* at PageID 78. The magistrate judge concluded that

> The ALJ properly noted that Clark's restrictive opinion is inconsistent with, or in other words not supported by, the largely normal mental status examinations. Contrary to Plaintiff's assertion, the ALJ did not base the conclusion on fragments of the record or fail to explain how the opinion is unsupported by the records. Rather, the conclusion is based on the records from the relevant period the reflect largely normal mental status examinations and conflicts with the restrictive opinion.

ECF No. 20 at PageID 1268.

Plaintiff argues that the ALJ rejected Clark's opinion by giving an insufficient "boilerplate" explanation and "cherry-picked" evidence. To the contrary, the ALJ provided a specific explanation of why the record did not support, and was inconsistent with, the restrictions and limitations stated by nurse practitioner Clark. ECF No. 13 at PageID 79-80. Given that Clark's opinion of Plaintiff's limitations was clearly contradicted by Plaintiff's largely normal mental status examinations and by Plaintiff's own reports of improvement, the ALJ's explanation was sufficiently articulated. The magistrate judge did not err in so finding.

Having reviewed the record, the court agrees with the magistrate judge's analysis and conclusion that the ALJ's decision was supported by substantial evidence. Therefore, IT IS HEREBY ORDERED that Magistrate Judge Ivy's report and recommendation is ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 15) is DENIED, Defendant's motion for summary judgment (ECF No. 18) is GRANTED, and the final decision of the Commissioner is AFFIRMED.

Dated: April 13, 2023          s/George Caram Steeh
                               HON. GEORGE CARAM STEEH
                               UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 13, 2023, by electronic and/or ordinary mail.

<u>s/Michael Lang</u>
Deputy Clerk

---